# In the United States Court of Federal Claims

Nos. 03-2754T and 06-40T

(Filed: December 15, 2006)

```
**************************************** *
                                         *
XO COMMUNICATIONS, INC.,                 *
                                         *
                  Plaintiff,             *
                                         *
 v.                                      *
                                         *
THE UNITED STATES,                       *
                                         *
                  Defendant.             *
                                         *
**************************************** *
```

## ORDER

On December 14, 2006, the Court conducted a telephonic conference with counsel for the parties to discuss the effect on this case of the recent decision in USA Choice Internet Service, LLC v. United States, Ct. Fed. Cl. No. 05-0525T (decided November 15, 2006) (Lettow, J.).[1] The Court expressed the view that its interpretation of the term "local telephone service" in 26 U.S.C. §§ 4251 and 4252(a) likely will depend upon the types of communication service utilized (*i.e.*, two-way service, incoming-only service, private communication service), but that the record in this case did not yet contain sufficient factual information to make this determination. The Court noted the likely need for a trial to receive additional factual information, unless the parties could agree upon the application of the USA Choice decision as a means of resolving this case. The Court also observed that it would afford either party the opportunity to argue that USA Choice is distinguishable from this case.

Counsel for the parties therefore agreed to consider the effect of the USA Choice decision on this case, and to develop a proposed plan for going forward. The parties are

---

[1] A transcript of the December 14, 2006 conference will be available if desired by the parties.

invited to consider: (1) further developing the factual record to determine the types of communications services at issue; (2) scheduling a trial to address any disputes regarding the communications services at issue; (3) additional stipulations of fact; (4) supplemental briefing on the effect of USA Choice; or (5) any combination of the foregoing. Counsel for the parties shall submit a Joint Status Report to the Court on or before January 4, 2007 with their recommendations, after which the Court will consult further with counsel if necessary before issuing a follow-up Order.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge